# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY WILSON,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:05-CV-01144-REC-SMS-P<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS<br><br>(Doc. 1) |

I.    <u>Screening Order</u>

    A.    <u>Screening Requirement</u>

Plaintiff Kelly Wilson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 8, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

      B.      Plaintiff's Eighth Amendment Medical Care Claims

Plaintiff is a state prisoner. The events at issue in the instant action allegedly occurred in Sutter County following plaintiff's arrest, and at various state prisons following plaintiff's conviction and transfer into the custody of the California Department of Corrections. Plaintiff is seeking monetary and injunctive relief.

In his complaint, plaintiff alleges that he was arrested in February of 1996 and taken to Fremont Medical Center for treatment of a severe sinus infection. Plaintiff alleges that a hole was cut in his left eye to relieve pressure, and that county authorities were informed that plaintiff needed surgery or he could lose his left eye or die. Plaintiff alleges that defendants Yuba City Police Department and Sutter County Sheriff's Department did not provide the treatment, on the stated

ground that plaintiff would receive surgery in state prison. Plaintiff was convicted five months later and sent to Deuel Vocational Institution in Tracy.

Plaintiff alleges that once in state prison, he was transferred six times in three years. Plaintiff alleges that at each institution, he had to fight to obtain medical treatment and that his condition was merely maintained at each institution. Plaintiff alleges that he eventually received surgery after telling a doctor in Bakersfield that he had filed a lawsuit to obtain treatment.

        1.     <u>Defendants Yuba City Police Department and Sutter County Sheriff's Department</u>

Plaintiff alleges a claim for relief against the Yuba City Police Department and the Sutter County Sheriff's Department based on events that occurred in 1996. (Comp., Statement of Facts, p. 1.) Federal law determines when a civil rights claim accrues. See <u>Elliott v. City of Union City</u>, 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. <u>Kimes v. Stone</u>, 84 F.3d 1121, 1128 (9th Cir.1996). At the time plaintiff's claim accrued, the statute of limitations was one year. Cal. Civ. Proc. Code § 340(3); <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (9th Cir. 2004) (Cal. Civ. Proc. § 335.1, extending the statute of limitations from one year to two years, does not apply to claims that accrued prior to January 1, 2003).

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See <u>Hardin v. Straub</u>, 490 U.S. 536, 539 (1989). Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Plaintiff was incarcerated at the time he filed suit and was entitled to application of the two year tolling provision. The events giving rise to suit against the Yuba City and Sutter County allegedly occurred in 1996. Therefore, plaintiff had until 1999 within which to file suit. Plaintiff's

attempt to impose liability on these entities for events that occurred almost a decade before plaintiff filed suit fails because the claims are barred by the statute of limitations.[1]

### 2. Defendant California Department of Corrections

Plaintiff names the California Department of Corrections ("CDC") as a defendant. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because CDC is a state agency, it is entitled to Eleventh Amendment immunity from suit. Accordingly, plaintiff may not pursue a claim for relief in this action against CDC.

### 3. Defendants Terhune, Adams, Castillo, Nguyen, Pak, and Shedler

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in

---

[1] Plaintiff first filed suit concerning the lack of medical care at issue in this action on November 16, 2000, in case number 1:00-CV-F-6977-AWI-LJO-P Wilson v. Terhune. That suit was dismissed based on plaintiff's failure to exhaust the available administrative remedies on September 22, 2004. To the extent that equitable tolling may apply to plaintiff's claims against CDC personnel, plaintiff's claims against Yuba City and Sutter County were time barred by the time plaintiff filed suit in 2000. Further, the suit filed in 2000 was not proceeding against Yuba City or Sutter County. Accordingly, dismissal of the claims in this suit against Yuba City and Sutter County is proper.

4

a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

The court finds that plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendants Terhune, Adams, Castillo, Nguyen, Pak, and Shedler. Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). Although the court is mindful that a mere disagreement with treatment provided is insufficient to give rise to a claim for relief under section 1983, Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), construing plaintiff's allegations in the light most favorable to plaintiff, plaintiff is alleging that he had a medical need for surgery and this need was ignored by defendants until he filed suit in 2000, after which time he finally received surgery. Plaintiff's alleges that his health was endangered by defendants, and that he suffered severe pain.

C. Conclusion

The court finds that plaintiff's complaint contains cognizable claims for relief against defendants Terhune, Adams, Castillo, Nguyen, Pak, and Shedler for acting with deliberate indifference to plaintiffs' serious medical needs, in violation of the Eighth Amendment. However, the court finds that plaintiff's complaint does not contain any other claims upon which relief may be granted under section 1983. Although the court does not believe the deficiencies in plaintiff's claims against Yuba City, Sutter County, and CDC are curable, in an abundance of caution the court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed only against defendants Terhune, Adams, Castillo, Nguyen, Pak, and Shedler on his Eighth Amendment claims, plaintiff may so notify the court in writing. The court will then issue Findings and

Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff six summonses and six USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Terhune, Adams, Castillo, Nguyen, Pak, and Shedler.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the court in this order, or
   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Terhune, Adams, Castillo, Nguyen, Pak, and Shedler on his Eighth Amendment medical care claims; and

///

///

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   May 22, 2006**                      **/s/ Sandra M. Snyder**
icido3                                          UNITED STATES MAGISTRATE JUDGE