# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY WILSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-01144-AWI-SMS-P<br><br>ORDER FINDING AMENDED COMPLAINT FAILS TO STATE ANY CLAIMS UPON WHICH RELIEF MAY BE GRANTED, AND REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ON CLAIMS FOUND TO BE COGNIZABLE IN ORIGINAL COMPLAINT<br><br>(Doc. 12) |

I.　Screening Order

　　A.　Screening Requirement

Plaintiff Kelly Wilson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 8, 2005. (Doc. 1.) On May 23, 2006, the court issued an order finding that plaintiff's complaint contained cognizable claims for relief against defendants Terhune, Adams, Castillo, Nguyen, Pak, and Shedler for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment, but did not contain any other claims upon which relief may be granted under section 1983. (Doc. 10.) The court ordered plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on the claims found to be cognizable by the court in its order. (Id.) Plaintiff filed an amended complaint on June 8, 2006. (Doc. 12.)

///

1       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

///

///

B.      <u>Plaintiff's Amended Complaint</u>

In its order filed May 23, 2006, the court stated, "Although the court does not believe the deficiencies in plaintiff's claims against Yuba City, Sutter County, and CDC are curable, in an abundance of caution the court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so." (Doc. 10.) It is unclear to the court why plaintiff opted to file an amended complaint rather than simply notify the court of his willingness to proceed on his cognizable claims. Plaintiff did not attempt to cure the deficiencies identified by the court in its order and opted to drop his claims against defendants Yuba City, Sutter County, and CDC. Unfortunately for plaintiff, however, although he included in the amended complaint claims against defendants Adams, Shedler, Nguyen, Pak, Castillo, and Nguyen[1], his statement of claim is so conclusory that it does not give rise to claims for relief against the named defendants.[2] Thus, as a result of filing the amended complaint, plaintiff now finds himself in the position of having no cognizable claims upon which to proceed under section 1983. The deficiencies in plaintiff's amended complaint are set forth in the subsection that follows.

      1.      <u>Eighth Amendment Medical Care Claim</u>

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

---

[1] There are two defendants with the last name of Nguyen. One is/was employed at CSP-Calipatria and the other is/was employed at CSATF. Although plaintiff named both as defendants in his original complaint, the complaint contained no facts linking an act or omission of Nguyen at CSATF to a violation of plaintiff's rights. Therefore, the original complaint states a claim against the Nguyen at CSP-Calipatria only.

[2] Plaintiff's original complaint was nineteen pages long, not including exhibits. The statement of claim set forth in plaintiff's amended complaint is only one paragraph.

inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Plaintiff's conclusory allegations are insufficient to give rise to a claim for relief under section 1983 for violation of the Eighth Amendment. Plaintiff must set forth factual allegations sufficient to support a claim that each defendant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Further, the Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Plaintiff's amended complaint fails to do so.

      C.     Conclusion

The court finds that plaintiff's amended complaint fails to state any claims upon which relief may be granted under section 1983 for violation of the Eighth Amendment with respect to plaintiff's medical care. Plaintiff has two options. He may notify the court that he wishes to proceed on his original complaint against defendants Terhune, Adams, Castillo, Nguyen (at CSP-Calipatria), Pak, and Shedler for acting with deliberate indifference to his medical needs, in violation of the Eighth Amendment, or he may file a second amended complaint.

If plaintiff opts to proceed on the cognizable claims in his original complaint, the court will order the amended complaint stricken from the record and will issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff six summonses and six USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Terhune, Adams, Castillo, Nguyen, Pak, and Shedler.

If plaintiff opts to file a second amended complaint, he must allege facts sufficient to support a claim that defendants acted with deliberate indifference to his serious medical needs and that his claim stems from more than his disagreement with the course of treatment provided. In addition, plaintiff must set forth facts linking each named defendant to the act or omission that allegedly violated plaintiff's rights. If plaintiff again fails to state any claims upon which relief may be granted, this action will be dismissed.

As plaintiff was previously notified, if plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under section 1983, liability may not be imposed on supervisory personnel such as Terhune and Adams for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Finally, Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

   a. File a second amended complaint curing the deficiencies identified by the court in this order, or

   b. Notify the court in writing that he does not wish to file a second amended complaint and wishes to proceed on his original complaint against defendants Terhune, Adams, Castillo, Nguyen, Pak, and Shedler on his Eighth Amendment medical care claims; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:     June 16, 2006**            /s/ Sandra M. Snyder
icido3                                  UNITED STATES MAGISTRATE JUDGE