# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY WILSON,<br><br>               Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>               Defendants.<br>_____/ | CASE NO. 1:05-CV-01144-AWI-SMS-P<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 14)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND REQUIRING PLAINTIFF TO COMPLY WITH MAGISTRATE JUDGE'S ORDER WITHIN THIRTY DAYS<br><br>(Doc. 14) |

Plaintiff Kelly Wilson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 16, 2006, the Magistrate Judge assigned to this case screened plaintiff's amended complaint and found that it failed to state any claims upon which relief may be granted under section 1983 for violation of the Eighth Amendment with respect to plaintiff's medical care. (Doc. 13.) The Court provided plaintiff with two options: notify the Court that he wishes to proceed on his original complaint against defendants Terhune, Adams, Castillo, Nguyen, Pak, and Shedler for acting with deliberate indifference to his medical needs, in violation of the Eighth Amendment, or file a second amended complaint. On July 11, 2006, plaintiff filed an objection to the order. (<u>Id</u>.) Because there is no provision for an objection to an order, the Court construes it to be a motion for reconsideration. (Doc. 14.)

///

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id. When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

The Magistrate Judge screened plaintiff's original complaint and found that it stated cognizable claims for relief against defendants Terhune, Adams, Castillo, Nguyen, Pak, and Shedler for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment, but did not contain any other claims upon which relief may be granted under section 1983. (Doc. 10.) Specifically, the complaint did not state cognizable claims against the Yuba City Police Department, the Sutter County Sheriff's Department, or CDC. (Id.) The Magistrate found that the claims against the Yuba City Police Department and the Sutter County Sheriff's Department, which stemmed from events in 1996, were time barred, and CDC was entitled to immunity from suit. (Id.) Although the Magistrate did not believe plaintiff could cure the deficiencies in his claims

against these defendants, in an abundance of caution, she provided plaintiff with the opportunity to file an amended complaint if plaintiff wished to do so. (Id.) In the alternative, plaintiff could have notified the Court that he did not wish to amend and was willing to proceed only on his cognizable claims. (Id.)

Plaintiff chose to file an amended complaint. (Doc. 12.) When the Magistrate Judge screened plaintiff's amended complaint, she found that it did not state any claims upon which relief may be granted. (Doc. 13.) In her order, the Magistrate Judge stated

> In its order filed May 23, 2006, the court stated, "Although the court does not believe the deficiencies in plaintiff's claims against Yuba City, Sutter County, and CDC are curable, in an abundance of caution the court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so." (Doc. 10.) It is unclear to the court why plaintiff opted to file an amended complaint rather than simply notify the court of his willingness to proceed on his cognizable claims. Plaintiff did not attempt to cure the deficiencies identified by the court in its order and opted to drop his claims against defendants Yuba City, Sutter County, and CDC. Unfortunately for plaintiff, however, although he included in the amended complaint claims against defendants Adams, Shedler, Nguyen, Pak, Castillo, and Nguyen[1], his statement of claim is so conclusory that it does not give rise to claims for relief against the named defendants.[2] Thus, as a result of filing the amended complaint, plaintiff now finds himself in the position of having no cognizable claims upon which to proceed under section 1983. The deficiencies in plaintiff's amended complaint are set forth in the subsection that follows.

(Doc. 13, 3:2-14.) It is this order that plaintiff challenges.

Plaintiff disagrees that he has not stated a claim, and states that if the Court disagrees, it should appoint someone to help him and it should explain what a cognizable claim is. (Doc. 14.)

Plaintiff has not met his burden as the party moving for reconsideration. Plaintiff sets forth no grounds demonstrating that the Magistrate Judge erred in her order and that it should be set aside. A party's bare disagreement with an order does not support setting aside the order.

///

---

[1] There are two defendants with the last name of Nguyen. One is/was employed at CSP-Calipatria and the other is/was employed at CSATF. Although plaintiff named both as defendants in his original complaint, the complaint contained no facts linking an act or omission of Nguyen at CSATF to a violation of plaintiff's rights. Therefore, the original complaint states a claim against the Nguyen at CSP-Calipatria only.

[2] Plaintiff's original complaint was nineteen pages long, not including exhibits. The statement of claim set forth in plaintiff's amended complaint is only one paragraph.

1    Plaintiff created the situation he is currently in with respect to his amended complaint. His
2 original complaint stated cognizable medical care claims against all defendants except for the Yuba
3 City Police Department, the Sutter County Sheriff's Department, and CDC. It is unlikely that
4 plaintiff can state a claim against these entities because the statute of limitations has run and because
5 CDC is immune from suit. Nonetheless, the Magistrate Judge allowed plaintiff one opportunity to
6 amend. Since plaintiff did not attempt to amend these deficient claims, the prudent course of action
7 would have been for plaintiff to notify the Court that he wished to proceed on his original complaint.
8 Instead, plaintiff filed an amended complaint so devoid of necessary detail that it no longer sets forth
9 allegations sufficient to state a claim against any of the named defendants. In light plaintiff's
10 puzzling decision to amend his complaint yet not attempt to amend the only claims found to be
11 deficient in the original complaint, the Magistrate Judge's decision to allow plaintiff to either file
12 a second amended complaint or agree to proceed on his original complaint is more than reasonable
13 and fair.

14    With respect to plaintiff's criticism that the Magistrate Judge should have explained what a
15 cognizable claim is, the Magistrate Judge's orders of May 23, 2006, and June 16, 2006, are clear and
16 contain more than sufficient information to place plaintiff on notice as to the standard by which
17 complaints are reviewed, the deficiencies of plaintiff's claims, the legal standards applicable to
18 plaintiff's claims, and the responsive choices available to plaintiff. Any further elaboration would
19 amount to providing plaintiff with legal advice (e.g., telling plaintiff exactly what he has to say in
20 order to state a claim).

21    With respect to plaintiff's request for assistance, plaintiff does not have a constitutional right
22 to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the
23 Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard
24 v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814,
25 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary
26 assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

27    Without a reasonable method of securing and compensating counsel, the Court will seek
28 volunteer counsel only in the most serious and exceptional cases. In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration is DENIED;
2. Plaintiff's motion for the appointment of counsel is DENIED; and
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall comply with the Magistrate Judge's order of June 16, 2006, or face sanctions up to and including dismissal of this action.

IT IS SO ORDERED.

**Dated:   July 29, 2006**                            /s/ Anthony W. Ishii
0m8i78                                                UNITED STATES DISTRICT JUDGE