1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

| KELLY WILSON, | CASE NO. 1:05-CV-01144-AWI-SMS-P |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING AMENDED COMPLAINT |
| v. | BE DEEMED WITHDRAWN, ACTION PROCEED ON ORIGINAL COMPLAINT, |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | AND DEFENDANTS YUBA CITY, SUTTER COUNTY, AND CDCR BE DISMISSED |
| Defendants. | (Docs. 1 and 16) |
| / | |

15

16

I.       Findings and Recommendations Following Screening of Complaint

17

A.       Procedural History

18

Plaintiff Kelly Wilson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

19

in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on September 8,

20

2005. (Doc. 1.)  On May 23, 2006, the court screened plaintiff's complaint and found that it stated

21

cognizable claims for relief against defendants Terhune, Adams, Castillo, Nguyen, Pak, and Shedler

22

for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth

23

Amendment, but did not state any other claims upon which relief may be granted under section 1983.

24

(Doc. 10.)  The court ordered plaintiff to either file an amended complaint or notify the court of his

25

willingness to proceed only on the claims found to be cognizable by the court.  (Id.)  Plaintiff filed

26

an amended complaint on June 8, 2006.  (Doc. 12.)

27

On June 16, 2006, the court screened plaintiff's amended complaint and found that it failed

28

to state any claims upon which relief may be granted under section 1983 for violation of the Eighth

1

1 Amendment with respect to plaintiff's medical care. (Doc. 13.) The court ordered plaintiff to either

2 notify the court that he wishes to proceed on his original complaint against defendants Terhune,

3 Adams, Castillo, Nguyen, Pak, and Shedler for acting with deliberate indifference to his medical

4 needs, in violation of the Eighth Amendment, or file a second amended complaint. (Id.) On July

5 11, 2006, plaintiff filed an objection to the order. (Id.) The Honorable Anthony W. Ishii construed

6 the objection to be a motion for reconsideration, and denied it on July 31, 2006. (Doc. 15.) Judge

7 Ishii ordered plaintiff to comply with the court's order of June 16, 2006, within thirty days. (Id.)

8       On August 24, 2006, plaintiff notified the court that he wishes to proceed on his original

9 complaint and withdraw his amended complaint. (Doc. 16.) Based on plaintiff's notice, this

10 Findings and Recommendations now issues.

11       B.      Screening Requirement

12       The court is required to screen complaints brought by prisoners seeking relief against a

13 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

14 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

15 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

16 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

17 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

18 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

19 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

20       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

21 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

22 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short

23 and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.

24 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is

25 and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a

26 complaint only if it is clear that no relief could be granted under any set of facts that could be proved

27 consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately

28 prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may

1    appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the

2    test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.

3    232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need

4    suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262

5    F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a

6    plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal

7    interpretation of a civil rights complaint may not supply essential elements of the claim that were not

8    initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

9    Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

10         C.      Plaintiff's Eighth Amendment Medical Care Claims

11         Plaintiff is a state prisoner.  The events at issue in the instant action allegedly occurred in

12   Sutter County following plaintiff's arrest, and at various state prisons following plaintiff's conviction

13   and transfer into the custody of the California Department of Corrections and Rehabilitation

14   (CDCR).  Plaintiff is seeking monetary and injunctive relief.

15         In his complaint, plaintiff alleges that he was arrested in February of 1996 and taken to

16   Fremont Medical Center for treatment of a severe sinus infection.  Plaintiff alleges that a hole was

17   cut in his left eye to relieve pressure, and that county authorities were informed plaintiff needed

18   surgery or he could lose his left eye or die.  Plaintiff alleges that defendants Yuba City Police

19   Department and Sutter County Sheriff's Department did not provide the treatment, on the stated

20   ground that plaintiff would receive surgery in state prison.  Plaintiff was convicted five months later

21   and sent to Deuel Vocational Institution in Tracy.

22         Plaintiff alleges that once in state prison, he was transferred six times in three years.  Plaintiff

23   alleges that at each institution, he had to fight to obtain medical treatment and his condition was

24   merely maintained at each institution.  Plaintiff alleges he eventually received surgery after telling

25   a doctor in Bakersfield that he had filed a lawsuit to obtain treatment.

26   ///

27   ///

28   ///

1.      Defendants Yuba City Police Department and Sutter County Sheriff's Department

Plaintiff alleges a claim for relief against the Yuba City Police Department and the Sutter County Sheriff's Department based on events that occurred in 1996. (Comp., Statement of Facts, p. 1.) Federal law determines when a civil rights claim accrues. See Elliott v. City of Union City, 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996). At the time plaintiff's claim accrued, the statute of limitations was one year. Cal. Civ. Proc. Code § 340(3); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (Cal. Civ. Proc. § 335.1, extending the statute of limitations from one year to two years, does not apply to claims that accrued prior to January 1, 2003).

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539 (1989). Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

(a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Plaintiff was incarcerated at the time he filed suit and was entitled to application of the two year tolling provision. The events giving rise to suit against the Yuba City and Sutter County allegedly occurred in 1996. Therefore, plaintiff had until 1999 within which to file suit. Plaintiff's attempt to impose liability on these entities for events that occurred almost a decade before plaintiff filed suit fails because the claims are barred by the statute of limitations.[1]

---

[1] Plaintiff first filed suit concerning the lack of medical care at issue in this action on November 16, 2000, in case number 1:00-CV-F-6977-AWI-LJO-P Wilson v. Terhune. That suit was dismissed based on plaintiff's failure to exhaust the available administrative remedies on September 22, 2004. To the extent that equitable tolling may apply to plaintiff's claims against CDCR personnel, plaintiff's claims against Yuba City and Sutter County were time barred by the time plaintiff filed suit in 2000. Further, the suit filed in 2000 was not proceeding against Yuba City or Sutter County. Accordingly, dismissal of the claims in this suit against Yuba City and Sutter County is proper.

4

1          2.          Defendant California Department of Corrections and Rehabilitation

2          Plaintiff names the CDCR as a defendant.  The Eleventh Amendment prohibits federal courts

3    from hearing suits brought against an unconsenting state.  Brooks v. Sulphur Springs Valley Elec.

4    Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v.

5    Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.,

6    506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The

7    Eleventh Amendment bars suits against state agencies as well as those where the state itself is named

8    as a defendant.  See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420,

9    421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)

10   (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment

11   immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).

12   Because the CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit.

13   Accordingly, plaintiff may not pursue a claim for relief in this action against CDCR.

14          3.          Defendants Terhune, Adams, Castillo, Nguyen, K. Nguyen, Pak, and Shedler

15          To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

16   conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452

17   U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an

18   Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

19   civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

20   indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett

21   v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in

22   a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

23   inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may

24   be manifested "when prison officials deny, delay or intentionally interfere with medical treatment,"

25   or in the manner "in which prison physicians provide medical care."  McGuckin v. Smith, 974 F.2d

26   1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,

27   1136 (9th Cir. 1997) (en banc).

28   ///

1    The court finds that plaintiff's allegations are sufficient to give rise to a claim for relief under

2    section 1983 against defendants Terhune, Adams, Castillo, Nguyen, K. Nguyen, Pak, and Shedler.

3    Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune,

4    367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith

5    v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).  Although the court is mindful

6    that a mere disagreement with treatment provided is insufficient to give rise to a claim for relief

7    under section 1983, Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), construing plaintiff's

8    allegations in the light most favorable to plaintiff, plaintiff is alleging that he had a medical need for

9    surgery and this need was ignored by defendants until he filed suit in 2000, after which time he

10   finally received surgery.  Plaintiff's alleges that his health was endangered by defendants, and that

11   he suffered severe pain.

12         D.    Conclusion

13         The court finds that plaintiff's complaint states cognizable claims for relief under section

14   1983 against defendants Terhune, Adams, Castillo, Nguyen, K. Nguyen, Pak, and Shedler for acting

15   with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth

16   Amendment.  However, the court finds that plaintiff's complaint does not state any other claims

17   upon which relief may be granted under section 1983.

18         Based on the foregoing, it is HEREBY RECOMMENDED that:

19         1.    Plaintiff's amended complaint, filed June 8, 2006, be deemed withdrawn;

20         2.    This action proceed on plaintiff's original complaint, filed September 8, 2005,

21               against defendants Terhune, Adams, Castillo, Nguyen, K. Nguyen, Pak, and Shedler

22               for acting with deliberate indifference to plaintiff's serious medical needs, in

23               violation of the Eighth Amendment; and

24         3.    Defendants Yuba City and Sutter County be dismissed from this action on the ground

25               that plaintiff's claims against them are barred by the statute of limitations; and

26         4.    Defendant CDCR be dismissed from this action on the ground that plaintiff's claim

27               against it is barred by the Eleventh Amendment.

28   ///

1    These Findings and Recommendations will be submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

3  **days** after being served with these Findings and Recommendations, plaintiff may file written

4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

6  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

7  1153 (9th Cir. 1991).

8

9  IT IS SO ORDERED.

10  **Dated:    September 11, 2006**                        /s/ Sandra M. Snyder
    icido3                                            UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28