# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY WILSON,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>        Defendants. | CASE NO. 1:05-CV-01144-AWI-SMS-P<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL, AND DISMISSING DEFENDANTS YUBA CITY, SUTTER COUNTY, AND CDCR FROM ACTION<br><br>(Doc. 17) |

       Plaintiff Kelly Wilson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

       On September 12, 2006, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days. Plaintiff filed an objection to the Findings and Recommendations on September 27, 2006.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

       Plaintiff objects to the dismissal of the California Department of Corrections and Rehabilitation (CDCR) from this action. Based on the language of the Eleventh Amendment,

///

plaintiff disagrees with the Magistrate Judge that his claim against CDCR is barred by the Eleventh Amendment.

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). Although plaintiff's confusion is understandable, "the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." Brooks, 951 F.2d at 1053 (citations omitted). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief is legal or equitable in nature." Id. (citation omitted). Therefore, the Magistrate Judge did not err in recommending dismissal of CDCR on Eleventh Amendment immunity grounds.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed September 12, 2006, is adopted in full;
2. Plaintiff's amended complaint, filed June 8, 2006, is deemed withdrawn;
3. This action shall proceed on plaintiff's original complaint, filed September 8, 2005, against defendants Terhune, Adams, Castillo, Nguyen, K. Nguyen, Pak, and Shedler for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment;
4. Defendants Yuba City and Sutter County are dismissed from this action on the ground that plaintiff's claims against them are barred by the statute of limitations; and

///
///
///
///
///

5.   Defendant CDCR is dismissed from this action on the ground that plaintiff's claim against it is barred by the Eleventh Amendment.

IT IS SO ORDERED.

**Dated:**   **October 17, 2006**   /s/ Anthony W. Ishii
0m8i78                                              UNITED STATES DISTRICT JUDGE