# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY WILSON,<br><br>              Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>              Defendants.        / | CASE NO. 1:05-cv-01144-AWI-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION<br>TO DISQUALIFY DEFENDANTS' COUNSEL<br><br>(Doc. 26) |

      Plaintiff Kelly Wilson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's complaint filed September 8, 2005, against defendants Terhune, Adams, Castillo, N. Nguyen, K. Nguyen, Pak, and Shedler for allegedly violating plaintiff's rights under the Eighth Amendment of the Constitution by failing to provide plaintiff with medical treatment.  Defendants Terhune, Adams, N. Nguyen, and K. Nguyen ("defendants") waived service of summons and answered the complaint. The United States Marshal is still attempting service of process on the other defendants.

      On December 13, 2006, prior to the time defendants made an appearance in this action but after they waived service, plaintiff filed a motion seeking to disqualify the Attorney General's Office for the State of California from representing the defendants.  Plaintiff asserts that there exists a conflict of interest because the Attorney General's Office has a duty to all citizens of California, including prisoners.

///

     Generally, "'courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification.'" <u>Kasza v. Browner</u>, 133 F.3d 1159, 1171 (9th Cir. 1998) (quoting <u>United States v. Rogers</u>, 9 F.3d 1025, 1031 (2d Cir. 1993) (internal quotations omitted)). Assuming for the sake of argument that plaintiff has standing to bring the instant motion, plaintiff's challenge amounts to nothing more than a vague, general argument that the State should not be representing prison guards because prisoners are citizens of California, too. Plaintiff has not identified *any* conflict of interest relating to the representation of defendants by Deputy Attorney General Andreas O. Garza.

     Plaintiff's motion to disqualify defendants' counsel, filed December 13, 2006, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   January 19, 2007**                    **/s/ Sandra M. Snyder**
icido3                                                            UNITED STATES MAGISTRATE JUDGE