1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    KELLY WILSON,                          CASE NO. 1:05-cv-01144-AWI-SMS PC

10              Plaintiff,                  ORDER CONTINUING RESOLUTION OF
                                            ORDER TO SHOW CAUSE PENDING
11        v.                                CONCLUSION OF THE DISCOVERY PHASE
                                            OF THIS LITIGATION
12   CALIFORNIA DEPARTMENT
     OF CORRECTIONS, et al.,                (Doc. 41)
13
                Defendants.
14   _____/

15
16        Plaintiff Kelly Wilson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

17   in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's

18   complaint, filed on September 8, 2005. (Doc. 1.) On September 13, 2006, the court ordered plaintiff

     to provide information to facilitate service of process on defendants by filling out and submitting to
19
     the court a USM-285 form and a summons for each defendant to be served.  (Doc. 18.)  Plaintiff
20
     submitted the required documents on September 21, 2006, and on October 11, 2006, the court
21
     directed the United States Marshal to initiate service on seven defendants.  (Docs. 19, 21.)  Five of
22
23   the seven defendants subsequently made an appearance in this action.  (Docs. 27, 46.)  However, the

24   Marshal was unable to locate and serve defendants Shedler and Pak, and the Marshal returned the

25   USM-285 forms and summonses to the court un-executed.  (Docs. 38, 39.)

26        Pursuant to Rule 4(m),

27        [i]f service of the summons and complaint is not made upon a defendant within 120
          days after the filing of the complaint, the court, upon motion or on its own initiative
28        after notice to the plaintiff, shall dismiss the action without prejudice as to that
          defendant or direct that service be effected within a specified time; provided that if

the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(2).  "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'"  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'"  Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the last known address for defendant Shedler is no longer accurate and defendant Pak could not be identified.  (Docs. 38, 39.)  If plaintiff is unable to provide the Marshal with a current address at which defendant Shedler can be located and further identifying information as to defendant Pak, these defendants must be dismissed from the action.  On February 7, 2007, pursuant to Rule 4(m), the court provided plaintiff with the opportunity to show cause why defendants Shedler and Pak should not be dismissed from the action at this time.  (Doc. 41.) Plaintiff filed a response on February 23, 2007.  (Doc. 43.)

Plaintiff's position that the Marshal can obtain defendants' Social Security numbers from the California Department of Corrections and Rehabilitation is incorrect.  It is the duty of neither the court nor the Marshal to conduct an investigation on plaintiff's behalf.  It is plaintiff's duty to provide the Marshal with sufficient information to identify and locate the defendants.

///

1    The court will provide plaintiff with the opportunity to discover information that may lead

2    to plaintiff's ability to provide the court further identifying information regarding defendants.  To

3    that end, the court will continue resolution of the outstanding order to show cause until the close of

4    discovery.   However, if plaintiff fails to provide further identifying information concerning

5    defendants by the close of discovery, they will be dismissed from this action.

6    Based on the foregoing, it is HEREBY ORDERED that:

7    1.    Resolution of the outstanding order to show cause is CONTINUED until the close

8          of discovery; and

9    2.    If plaintiff fails to provide further identifying information concerning defendants

10         Shedler and Pak to the court by the close of discovery, defendants will be dismissed

11         from this action.

12

13   IT IS SO ORDERED.

14   **Dated:    March 28, 2007                            /s/ Sandra M. Snyder**
15   icido3                                            UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28