# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY WILSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-01144-LJO-SMS PC<br><br>ORDER DISMISSING DEFENDANTS<br>SHEDLER AND PAK FROM ACTION<br>PURSUANT TO RULE 4(M)<br><br>(Doc. 48) |

　　　　Plaintiff Kelly Wilson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed on September 8, 2005. (Doc. 1.) On September 13, 2006, the Court ordered plaintiff to provide information to facilitate service of process on defendants by filling out and submitting to the Court a USM-285 form and a summons for each defendant to be served. (Doc. 18.) Plaintiff submitted the required documents on September 21, 2006, and on October 11, 2006, the Court directed the United States Marshal to initiate service on seven defendants. (Docs. 19, 21.) Five of the seven defendants subsequently made an appearance in this action. (Docs. 27, 46.) However, the Marshal was unable to locate and serve defendants Shedler and Pak, and the Marshal returned the USM-285 forms and summonses to the Court un-executed. (Docs. 38, 39.)

　　　　Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if

>     the plaintiff shows good cause for the failure, the court shall extend the time for
>     service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the last known address for defendant Shedler is no longer accurate and defendant Pak could not be identified. (Docs. 38, 39.) If plaintiff is unable to provide the Marshal with a current address at which defendant Shedler can be located and further identifying information as to defendant Pak, these defendants must be dismissed from the action. On February 7, 2007, pursuant to Rule 4(m), the Court provided plaintiff with the opportunity to show cause why defendants Shedler and Pak should not be dismissed from this action. (Doc. 41.) Plaintiff filed a response on February 23, 2007. (Doc. 43.)

Based on plaintiff's response, the Court continued resolution of the outstanding order to show cause until the close of discovery, in the event that plaintiff might discover information leading to his ability to provide further information on defendants Shedler and Pak. (Doc. 48.) Plaintiff was warned that if he failed to provide further identifying information concerning defendants by the close

///

of discovery, they would be dismissed from this action. (Id.) The discovery deadline was September 27, 2007, and plaintiff did not provide any further information on defendants Shedler and Pak.

     Accordingly, defendants Shedler and Pak are HEREBY DISMISSED from this action pursuant to Rule 4(m).

IT IS SO ORDERED.

**Dated:   October 26, 2007**             **/s/ Lawrence J. O'Neill**
                                                          UNITED STATES DISTRICT JUDGE